MEMORANDUM OPINION

 

Nos. 04-09-00820-CR &
04-09-00821-CR

 

Anthony Ray MARI,

Appellant

 

v.

 

The STATE of
Texas,

Appellee

 

From the 175th
Judicial District Court, Bexar County, Texas

Trial Court Nos. 2008-CR-4557W
& 2007-CR-8617

Honorable Mary D. Román,
Judge Presiding

 

Opinion by:     Phylis J. Speedlin, Justice

 

Sitting:                        Karen Angelini, Justice

                        Phylis
J. Speedlin, Justice

                        Rebecca
Simmons, Justice

 

Delivered and
Filed:  September 1, 2010

                        

AFFIRMED

 

Anthony
Ray Mari appeals the trial court’s orders revoking his community supervision,
arguing he received ineffective assistance of counsel.  We disagree, and affirm
the judgments of the trial court.

In two
separate cases, Mari pled no contest to assault charges involving family
members.[1] 
The trial court suspended his concurrent six-year sentences and placed him on
community supervision for a period of six years.  The State later moved to
revoke Mari’s community supervision and adjudicate his guilt, alleging that he
violated Condition No. 1 of his community supervision by committing the offense
of unlawful restraint.  At the revocation hearing, Mari pled “true” to the
allegation, admitting that he “did tie the girl up” but then explained that he
tied up the complaining witness as “an S & M thing.  It was a sexual
thing.”  Based on Mari’s plea of true, the trial court revoked his community
supervision and imposed the original concurrent sentence of six years’
confinement in each case.  Mari now complains he was denied effective
assistance of counsel when trial counsel allowed him to plead true because the
restraint was consented to as part of a sexual act, and thus there was no
violation of the conditions of his community supervision. 

We review a claim of ineffective assistance of counsel
according to the two-step analysis articulated in Strickland v. Washington,
466 U.S. 668 (1984).  An appellant must show that (1) counsel’s representation
fell below an objective standard of reasonableness, and (2) there is a
reasonable probability that, but for counsel’s errors, the outcome of the
proceeding would have been different.  Id. at 688-89; Hernandez v.
State, 726 S.W.2d 53, 55 (Tex. Crim. App. 1986).  In order to determine
whether counsel acted reasonably, we must look at the totality of the
representation.  Strickland, 466 U.S. at 690; Thompson v. State,
9 S.W.3d 808, 813 (Tex. Crim. App. 1999).  The appellant must rebut the
presumption that counsel’s decisions at trial were based on sound trial
strategy.  Strickland, 466 U.S. at 689; Thompson, 9 S.W.3d at
813.  We may not second-guess trial counsel’s strategy, Strickland, 466
U.S. at 689, and therefore the appellate record must affirmatively demonstrate
counsel’s ineffectiveness.  See Rylander v. State, 101 S.W.3d 107, 110
(Tex. Crim. App. 2003); Thompson, 9 S.W.3d at 813.  

Mari contends his trial counsel was ineffective
because he allowed Mari to plead true to the allegation of unlawful restraint
despite Mari’s defense that the restraint was consensual.  However, the record
here is silent as to counsel’s strategy.  See Andrews v. State, 159
S.W.3d 98, 103 (Tex. Crim. App. 2005) (record on appeal is usually insufficient
to determine if counsel’s performance was deficient).  The record contains no
evidence of whether or when Mari met with his attorney, what his attorney told
him about the revocation hearing or the pleas he could enter, or of Mari’s
decision to plead true.  Thus, Mari has failed to overcome the presumption that
counsel employed sound trial strategy, and cannot show that counsel’s
representation fell below an objective standard of reasonableness.  Strickland, 466 U.S. at 688-89. 
We overrule Mari’s sole issue on appeal and affirm the judgments of the trial
court.

 

 

Phylis J. Speedlin, Justice

 

DO NOT PUBLISH

 

 

 

 

 

 

 

 









[1] In cause number 2008-CR-4557W, Mari
pled no contest to the charge of assault-bodily injury/family and punishment
was assessed at confinement for a period of six years, probated for six years. 
In cause number 2007-CR-8617, Mari pled no contest to the offense of aggravated
assault with a deadly weapon/family/second and punishment was assessed at
confinement for a period of six years, probated for six years, to run
concurrent with cause number 2008-CR-4557W.